BOGGS, Chief Judge.
I dissent because I disagree with the majority that the term “actually working” is unambiguous. When the arbitrator must interpret a contract ambiguity, our case law is now quite clear (despite my dissent) that our review is restrained by “one of the narrowest standards of judicial review in all of American jurisprudence.” Lattimer-Stevens Co. v. United Steelworkers of Am., AFL-CIO, Dist. 27, Sub-Dist. 5, 913 F.2d 1166, 1169 (6th Cir.1990); and see id. at 1170-71 (Boggs, J., dissenting). The parties contracted for the arbitrator’s construction of the contract, not the court’s. Consequently, as long as the court finds that the arbitrator was “arguably construing or applying the contract and acting within the scope of his authority,” United Paperworkers Int’l Union, AFL-CIO, et al. v. Misco, Inc., 484 U.S. 29, 38, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987), the court is not free to substitute its own interpretation even when it disagrees with the arbitrator or finds his interpretation erroneous or “strained or even seriously flawed.” Bruce Hardwood Floors v. S. Council of Indus. Workers, 8 F.3d 1104, 1108 (6th Cir.1993); Action Distrib. Co. v. Int’l Bhd. of Teamsters, Local 1038, 977 F.2d 1021, 1025 (6th Cir. 1992) (citing Misco, 484 U.S. at 38, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987)).
An arbitrator arguably construes a contract when his interpretation “draws its essence from the collective bargaining agreement.” Enterprise Wheel, 363 U.S. at 597, 80 S.Ct. 1358. To establish whether the arbitrator’s award fails to draw its essence from the agreement, this Circuit uses the test it enunciated in Cement Divisions, National Gypsum Co. v. United Steelworkers of America, AFL-CIO-CLC, Local 135, 793 F.2d 759, 766 (6th Cir.1986):
(1) an award conflicts with express terms of the collective bargaining agreement, (2) an award imposes additional requirements that are not expressly provided in the agreement, (3) an award is without rational support or cannot be rationally derived from the terms of the agreement, and (4) an award is based on general considerations of fairness and *869 equity instead of the precise terms of the agreement.
793 F.2d at 766 (internal citations omitted). The arbitrator’s reading of the contractual provision “actually working on January 1st” is not “without rational support.” It is unclear, for example, whether anyone would physically be at the plant working on New Year’s Day. If not, then the term “actually working” might instead refer to employees actually on the payroll on that day. In any case, unless the employees were in fact on the premises working on January 1, the contract language is ambiguous. The arbitrator’s interpretation could be considered far-fetched, but that is insufficient to override the parties’ agreement to submit their grievances to an arbitrator rather than to the courts. The agreement guarantees them only an arbitration decision that arguably construes the contract, not an arbitration decision that construes the contract correctly.
The majority also objects to the arbitrator’s use of equitable considerations. Nevertheless, the arbitrator was within his mandate to consider questions of past practice and equity because he used these to interpret ambiguities in the contract rather than to replace its plain language. See Beacon Journal Publ’g Co. v. Akron Newspaper Guild, Local Number 7, 114 F.3d 596, 601 (6th Cir.1997) (“Arbitrators commonly utilize past practice or industry customs to interpret the meaning of ambiguous, or even general, terms and clauses in a contract.”); Action Distrib., 977 F.2d at 1027 (“A discussion of equitable considerations does not, without more, violate National Gypsum, however; the test seeks to determine whether a decision is based, on such considerations, to the exclusion of contractual language.”); accord Local 120, Int’l Molders & Allied Workers Union, AFL-CIO v. Brooks Foundry, Inc., 892 F.2d 1283, 1288 (6th Cir.1990).
For these reasons, I respectfully dissent.